UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CURTIS FULLER,

        Petitioner,

v.                                        Case No. 2:05-cv-233
                                            HON. GORDON J. QUIST

DAVID BERGH,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

        Petitioner Curtis Fuller filed this petition for writ of habeas corpus challenging the validity of his state court conviction for assault with intent to commit murder and assault with intent to do great bodily harm less than murder. Petitioner was charged with assaulting a corrections officer while he was imprisoned. Petitioner was convicted after a jury trial and on May 27, 2003, was sentenced to prison terms of life and six to ten years.

        Petitioner maintains that his conviction was obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner has raised the following issues in his petition:

I. Denied due process trial court refused to grant additional peremptory challenges and denied two motions to change venue where Mr. Fuller was tried in a community overwhelmingly populated by persons directly affiliated with the prison system.

II. Mr. Fuller's right to a speedy trial was violated and the charges must be dismissed.

III. The trial court violated Mr. Fuller's due process right to a fair trial by admitting photographs depicting injuries incurred by individuals whom he was not accused of assaulting.

IV. Substantial prosecutor misconduct deprived Mr. Fuller of a fair trial where the prosecutor exaggerated the quantum of evidence of proof and argued facts not in evidence and trial counsel was ineffective for failing to object.

Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the

Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption

of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner asserts that he was denied due process when the court denied additional peremptory challenges and when the court denied his motions to change venue. The Michigan Court of Appeals rejected this claim stating:

> Defendant next argues that the trial court should have granted his motion for additional peremptory challenges and his motion for a change of venue. We disagree. We review a denial of motions for additional peremptory challenges and for a change of venue for an abuse of discretion. *People v. Howard*, 226 Mich App 528, 536; 575 NW2d 16 (1997); *People v. DeLisle*, 202 Mich App 658, 662; 509 NW2d 885 (1993).
>
> Defendant claims that he was denied a fair trial because after exhausting all of his peremptory challenges, he was forced to be judged by a jury taken from a community with a close affiliation to the corrections system. A trial court may grant additional peremptory challenges on a showing of good cause. MCR 6.412(e)(2). The trial court excused for cause from the venire all potential jurors with demonstrated bias or prejudice towards defendant. Defendant has not shown that anyone placed on the jury was actually biased or prejudiced toward defendant before trial began. For example, one of the seated jurors stated that he knew one of the proposed witnesses and that he would believe the witness above others. However, the juror then acknowledged that if the witness' testimony was contradicted, the juror could look at the testimony objectively. In addition, the juror stated that he did not have any preconceived notions and could sit as an impartial juror. Similarly, another juror whose brother worked at Kinross Correctional Facility and who himself worked at a store that corrections officers frequented, stated that he could be impartial in this case. These two jurors were not challenged for cause. Defendant has failed to show good cause warranting additional peremptory challenges, and minimally there was no abuse of discretion.
>
> We also reject defendant's claim that the court erred in denying his motion for a change of venue. "It is the general rule that defendants must be tried in the county where the crime is committed. An exception to the rule provides that the court may, in special circumstances where justice demands or statute provides; change

> venue to another county." *People v. Jendrzejewski*, 455 Mich 495, 499-500; 566 NW2d 530 (1997). "[T]o be entitled to a change of venue, the defendant must show that there is either a pattern of strong community feeling against him and that the publicity is so extensive and inflammatory that jurors could not remain impartial when exposed to it," or "that the jury was actually prejudiced or the atmosphere surrounding the trial was such as would create a probability of prejudice." *People v. Passeno*, 195 Mich App 91, 98; 489 NW2d 152 (1992), overruled on other grounds by conflict panel in *People v. Bigelow*, 229 Mich App 218; 581 NW2d 744 (1998). Defendant does not argue that there was extensive pretrial publicity in the instant case. Additionally, there was not a high percentage of members of the venire who admitted to disqualifying prejudice in this case. *DeLisle, supra* at 669. Of the jurors excused for cause, only one stated that he already had preconceived notions regarding defendant. While several others had connections with the Department of Corrections, they were excused not because they expressed that they were biased, but because they expressed concern on how their relationships would be impacted following the trial's conclusion. Because defendant has failed to show a strong community feeling against him or that the jury was actually prejudiced against him, we conclude that the trial court did not abuse its discretion in denying defendant's motion for a change of venue.

The United States Supreme Court explained:

> We have long recognized that peremptory challenges are not of constitutional dimension. They are a means to achieve the end of an impartial jury. So long as the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve that result does not mean the Sixth Amendment was violated. . . . [I]t is for the State to determine the number of peremptory challenges allowed and to define their purpose and manner of exercise.

*Ross v. Oklahoma*, 487 U.S. 81, 88-89 (1988). Accordingly, rights to peremptory challenges can be infringed only when a petitioner does not receive what State law provides. *Id.*

In this case, of the 45 jurors called, 16 were removed by the trial court and 13 removed by peremptory challenges. Petitioner has not shown that he received fewer peremptory challenges than allowed by Michigan law. Moreover, petitioner cannot show that the Michigan Court of Appeals made an unreasonable decision in denying his claim.

Similarly, petitioner claims that the court erred in denying his motions to change venue. The United States Supreme Court has recognized two types of prejudice which can support a motion for change of venue; presumed prejudice when the trial setting is inherently prejudicial and actual prejudice when both jury voir dire testimony and the extent of media coverage indicates that a fair trial is impossible. *Ritchie v. Rogers*, 313 F.3d 948, 952 (6th Cir. 2002). Petitioner has not shown prejudice that required a change of venue. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner argues that his right to a speedy trial was violated. The speedy trial guarantee of the Sixth Amendment applies only to proceedings in the trial court. However, a similar guarantee applies to criminal appeals via the Due Process Clause. *United States v. Smith*, 94 F.3d 204, 206-8 (6th Cir. 1996), *cert. denied*, 117 S. Ct. 997 (1997). Four factors must be balanced to determine whether a delay is unconstitutional: length of delay, reason for the delay, criminal defendant's assertion of the right to a speedy trial, and prejudice resulting from the delay. *United States v. Brown*, 169 F.3d 344, 348 (6th Cir. 1999); *Smith*, 94 F.3d at 207 (*citing Barker v. Wingo*, 407 U.S. 514, 530 (1972)).

In order to trigger a speedy trial analysis, petitioner must allege that the delay complained of has crossed the threshold dividing ordinary from "presumptively prejudicial." *Doggett v. United States*, 505 U.S. 647, 651-2 (1992) (*citing Barker*, 407 U.S. at 530-1). Courts have generally found delays of more than one year to be "presumptively prejudicial." *Doggett*, 505

U.S. 652 n. 1. Once established, the court must next examine the reasons for the delay. *Doggett*, 505 U.S. at 652; *Smith*, 94 F.3d at 209.

In this case, petitioner was arraigned on August 8, 2000. Petitioner's jury trial was held beginning April 7, 2003. The Michigan Court of Appeals undertook an appropriate constitutional analysis and explained the reasons for rejecting this claim.

> Four factors must be balanced to determine whether a defendant was denied a speedy trial: (1) length of the delay; (2) reason for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) the prejudice to the defendant because of the delay. *Baraker v. Wingo*, 407 US 514, 530; 92 S Ct 2182; 33 L Ed 2d 101 (1972); *People v. Hill*, 402 Mich 272, 283; 262 NW2d 641 (1978).
>
> The delay in this case was over eighteen months, so it is presumed prejudicial. *People v. Wickham*, 200 Mich App 106, 109; 503 NW2d 701 (1993). The "presumptively prejudicial delay triggers an inquiry into the other factors to be considered in the balancing of the competing interests to determine whether a defendant has been deprived of the right to a speedy trial." *Id*. at 109-110. Here, approximately eight and one-half months of the delay are attributable to defendant's stipulations to adjourn the trial date. Moreover, there were various motions filed by defendant and a substitution of defense counsel, both of which weigh against defendant. *Cain, supra* at 113. Further, defendant never asserted his right to a speedy trial in the lower court. Defendant's failure to timely assert his right to a speedy trial "weighs against a finding that he was denied a speedy trial." *Id*. at 112. As for the issue of prejudice, we note that defendant was not incarcerated in anticipation of this trial; rather he was already in prison for unrelated offenses when the events surrounding the present prosecution occurred, and he continued to serve the sentence imposed in the prior matter thereafter. In addition, the record does not show that any evidence was lost or that his defense suffered at trial because of the delay. *Id*. (observing that prejudice can be to a defendant's person and to a defendant's defense). Defendant argues that it is probable that the delay resulted in the trial witnesses becoming entrenched in their beliefs regarding the identities of the assailants, thereby increasing the likelihood of conviction. However, general allegations of possible prejudice are insufficient to establish a denial of the right to a speedy trial. *People v. Gilmore*, 222 Mich App. 442, 462; 564 NW2d 158 (1997). After balancing the four factors, we determine that defendant was not denied his right to a speedy trial.

In the opinion of the undersigned, the Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner argues that it was error to admit photographs of injuries of corrections officers other than the officer he was accused of assaulting. However, "such an inquiry . . . is no part of a federal court's habeas review of a state conviction." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). In *Estelle v. McGuire*, the Supreme Court addressed the issue of whether the admission of evidence in violation of California state law entitled a petitioner to habeas corpus relief.

> We have stated many times that "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 3102, 111 L. Ed. 2d 606 (1990); see also *Pulley v. Harris*, 465 U.S. 37, 41, 104 S. Ct. 871, 874-75, 79 L. Ed. 2d 29 (1984). Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21, 96 S. Ct. 175, 177, 46 L. Ed. 2d 162 (1975) (per curiam).

*Estelle v. McGuire*, 502 U.S. at 67-8.

The appropriate inquiry is whether the allegedly improper admission of evidence violated the petitioner's constitutional rights. *Estelle v. McGuire*, 502 U.S. at 68. A federal court will grant habeas corpus relief only where a violation of the state's evidentiary rule results in the denial of fundamental fairness, and therefore, a violation of due process. *Brown, III v. O'Dea*, 187 F.3d 572, 578 (6th Cir. 1999) (citing *Cooper v. Sowders*, 837 F.2d 284, 287 (6th Cir. 1988)).

> The standard in determining whether the admission of prejudicial evidence constitutes a denial of fundamental fairness is whether the evidence is 'material in the sense of a crucial, critical highly significant factor.'" *Leverett v. Spears*, 877 F.2d 921, 925 (11th Cir. 1989) (quoting *Redman v. Dugger*, 866 F.2d 387, 390 (11th Cir. 1989)).

*Brown, III v. O'Dea*, 187 F.3d at 578.

> The Michigan Court of Appeals concluded that:

> Defendant next argues that the trial court erred in admitting photographs of injuries to officers he was not charged with assaulting. We review a trial court's admission of photographic evidence for an abuse of discretion. *People v. Anderson*, 209 Mich App 527, 536; 531 NW2d 780 (1995). "All relevant evidence is admissible, except as otherwise provided" by law. MRE 402. Relevant evidence "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. Arguably, the photographs in issue helped the jury better understand the circumstances surrounding the incident, including the planned nature of the attacks. Under MRE 403, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Considering the great deference given to the trial court on evidentiary issues, we conclude that the court did not abuse its discretion in failing to find that the photographs' probative value was substantially outweighed by the danger of unfair prejudice. Moreover, assuming error, the error was harmless as it did not undermine the reliability of the verdict, nor result in a miscarriage of justice. MCL 769.26; *People v. Lukity*, 460 Mich 484, 495; 596 NW2d 607 (1999).

In the opinion of the undersigned, the Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner claims prosecutorial misconduct. The Michigan Court of Appeals rejected this claim:

> Defendant also claims that the prosecutor exaggerated the evidence against defendant and argued facts not in evidence. We review these unpreserved claims of prosecutorial misconduct for plain error affecting defendant's substantial rights. *People v. Schutte*, 240 Mich App 713, 720; 613 NW2d 370 (2000), abrogated on other grounds *Crawford v. Washington*, ___ US ___; 124 S Ct 1354; 158 L Ed 2d 177 (2004).
>
> "Prosecutors may not make a statement of fact to the jury that is unsupported by the evidence, but they are free to argue the evidence and all reasonable inferences arising from it as they relate to the theory of the case." *Schutte, supra* at 721. Despite defendant's claims, the prosecutor's arguments were supported with testimony at trial, either by direct eyewitness testimony and reasonable inferences arising therefrom or testimony related to review of the surveillance video by witnesses with knowledge of those involved in the altercation. Defendant also argues that his trial counsel was ineffective for failing to object to the prosecutor's closing argument. However, as we have just concluded, the prosecutor's closing argument was proper and supported by the evidence. Therefore, counsel was not ineffective because an attorney is not obligated to make futile objections. *People v. Milstead*, 250 Mich App 391, 401; 648 NW2d 648 (2002).

Petitioner has failed to show how his rights were violated or that any prejudice resulted from these alleged errors. Ultimately, the issue for the Court is whether the prosecutor's conduct denied petitioner a fundamentally fair trial. *Smith v. Phillips*, 455 U.S. 209, 219, 102 S. Ct. 940 (1982). *See also United States v. Carroll*, 26 F.3d 1380 (6th Cir. 1994) (adopting test for evaluation of prosecutorial misconduct on direct review); *Serra v. Michigan Department of Corrections*, 4 F.3d 1348 (6th Cir. 1993) (applying similar test to habeas action). Inappropriate remarks or conduct by a prosecutor constitute a matter of constitutional concern only when it is egregious enough to deprive the defendant of a fair trial. *See United States v. Chambers*, 944 F.2d 1253 (6th Cir.), *cert. denied*, 112 S. Ct. 1217 (1992); *United States v. Mohney*, 949 F.2d 1397, 1400

(6th Cir. 1991), *cert. denied*, 112 S. Ct. 1940 (1992); *Paprocki v. Foltz*, 869 F.2d 281 (6th Cir. 1989). The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Petitioner has not shown that State court rejection of his claims regarding peremptory challenges, venue, speedy trial,

evidence and prosecutorial misconduct was unreasonable.  Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   September 9, 2008