UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CURTIS FULLER

    Petitioner,

v.                                               Case No. 2:05-CV-233

DAVID BERGH,                          HON. GORDON J. QUIST

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Petitioner's objections to the Magistrate Judge's Report and Recommendation issued 9 Sept. 2008. (Docket no. 46.) Petitioner was convicted by a jury in state court of assault with intent to commit murder, for which he was sentenced to life imprisonment, and assault with intent to do great bodily harm less than murder, for which he was sentenced to a term of six to ten years. The magistrate judge recommended pursuant to 28 U.S.C. § 636(b) that Petitioner's petition for a writ of habeas corpus be denied. The Court has reviewed the report and recommendation de novo pursuant to Fed. R. Civ. P. 72(b) and concludes that it should be adopted.

Petitioner presents two objections: 1) The magistrate judge has overlooked evidence supporting Petitioner's claim of "actual innocence"; 2) Defendant's answer was not timely filed, the Court issued no Order granting Defendant's Motion for Leave to File Answer *Instanter*, and default judgment should be entered for the Petitioner.

The Supreme Court has repeatedly held that actual innocence is not grounds for habeas relief. *Herrera v. Collins*, 506 U.S. 390, 400, 113 S.Ct. 853, 860 (1993) (In a death penalty case: held that claim of actual innocence despite a fair and error free trial did not give rise to an Eighth

Amendment violation). The purpose of habeas relief is "to ensure individuals are not imprisoned in violation of the Constitution - not to correct errors of fact." *Id*. Actual innocence is merely a gateway which, if sufficiently demonstrated to fall within a "narrow class of cases," allows a petitioner, otherwise barred from relief by procedural default, to seek habeas relief from a separate claim of constitutional error. *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 861 (1995). Accordingly, the Court rejects Petitioner's objection that the magistrate judge failed to consider evidence of Petitioner's "actual innocence."

Petitioner objects that Respondent's answer was untimely and should not have been considered. He also claims the Court did not rule on Respondent's motion for leave to file answer *instanter*. This is incorrect. The Court granted Respondent's motion; a copy of the order was mailed to Petitioner on 17 May 2006. Consequently, Petitioner's arguments on this point are moot. Accordingly, the Court adopts the magistrate judge's report and recommendation (docket no. 46) for the reasons given above and those given in the report and recommendation.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued 9 Sept. 2008 (docket no. 46) is **AFFIRMED AND ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for a writ of habeas corpus is **DISMISSED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED**.

This case is **concluded**.


Dated: September 30, 2008                     /s/ Gordon J. Quist
                                            GORDON J. QUIST
                                       UNITED STATES DISTRICT JUDGE